Good morning. May it please the Court, my name is Richard Edgerton. Maybe you can wait just a second. Let everyone get situated. Give counsel a chance to sit down. That's your co-counsel. He even needs a chance. Just before you start with your name and before we start the clock, you have someone with you. Are you going to be the sole person arguing? Yes. Okay. So you have ten minutes total. And I would like to reserve two minutes for rebuttal, Your Honor. Okay. As I say, my name is Richard Antonini. I am counsel for the appellants, Benjamin and Sarah Menjivar, who are in the front row, and my co-counsel, Mr. Cobell. All right. Thank you. May it please the Court, let me start with a question, which I think is sort of the elephant in the room. I think it's a bad analogy. Why should we allow to argue rescission now when it wasn't raised in the bankruptcy court or in the BAP? Exactly. First time here. Exactly so. You were in the bankruptcy court, you were in the BAP, and here you are, and it doesn't say anything about it in your complaint either. It doesn't use the word. So what a surprise. Well, it doesn't use the word rescission. It alleges all the elements of rescission, fraud and the inducement of a contract. It just does not use the word rescission. What is your best citation to your complaint that basically rescission was raised? I would say on pages 297 through 299 of the excerpts of the record, and I think I'm interested. If you really raised a claim for rescission, why didn't you plead damages for rescission? There is actually, at the end of the First Amendment complaint, Your Honor, there is actually a claim for damages based on fraud. But, again, it doesn't Well, but just a minute. You asked for injunctive relief. You asked for declaratory relief. You asked for compensatory damages. You asked for statutory damages, punitive damages and litigation expenses. Those are not rescission damages. I've pled rescission myself many times. Usually I then plead the contract should be ended and parties put back to where they ought to be. I don't ask for injunctive relief or declaratory relief or compensatory damages or statutory damages. And I have two responses. First, paragraph 187 of the First Amendment complaint, which is on page 328 of the record. Does that have anything to do with the damages you pled? It says plaintiffs request actual damages incurred by the plaintiffs as a result of defendant's unlawful conduct be determined upon proof. Actual damages could be no less than the amounts paid by the plaintiffs for the origination and servicing of the mortgage. And then there's a request for punitive damages and statutory damages. Which is not rescission. But the reason it's not really styled rescission, I think, is it's brought in bankruptcy court as an objection to the Wells Fargo claim. This is a procedure this court got into in some detail in the recent Blenheim case where a creditor, a secured creditor, can present a claim in the bankruptcy court. The debtor can then, under Section 502 of the Bankruptcy Code, object to that claim and file an adversary complaint to determine whether the claim should be allowed or not. And it can then invoke, the debtor can then invoke theories of State law to show why the claim should not be allowed. And one of those reasons is the contract should be rescinded. And so when you went to the BAP and you were arguing that this was a breach of contract claim, that was just a mistake? To be honest, Your Honor, it was missed. I mean, I can't say it any other way. Because my book, you either got to argue there is a breach of contract claim, which I've seen all the way to the BAP and not to here, and then you come up here and you say there was never a contract formed and therefore we should rescind. Those are absolutely contrary to each other. Actually, they're not, because under California law it could be argued two ways. One is that a consent to a contract obtained by fraud is no consent at all, there's therefore no contract. The second way is under 1689 of the California Civil Code, it allows for rescission of a contract based on fraud in the inducement of fraudulent promise. That isn't breach. No. But 1689 allows us to plead rescission of a contract when the contract, the consent of one party to contract was obtained by fraudulent promise. I'll go ahead. No, but you had, but the loan documents that the Menevars signed plainly in bold font identify the loan as adjustable rate mortgage loan. The Menevars knew what they were signing. In signing was, if the signing, in order to allege fraud in the inducement, they would need to have alleged that their signing was induced by fraud in order to assert the claim that the contract is voidable. What factual allegations can you point to in the FAC of conduct that constituted fraud that induced them to sign the adjustable rate loan documents? They were told over the telephone by the ---- No, what's in the FAC? That's ---- What's in the FAC? Point me in the FAC where you have conduct that constituted fraud that induced them to sign the adjustable rate loan. There's an allegation in the complaint that they were told in writing from letters from Wells Fargo, a document from Wells Fargo, I should say World Savings, Wells Fargo's predecessor, that says in bold language, all caps, this is a fixed rate loan. No, but they said, but then you continue, that their position always was that they thought that was going to be, and then when they saw that, the bold, that they said, what about that, and then what about these extra costs, and they were told, hey, this is what you're signing, and they went ahead and signed it. That's what the theory's been all along. We ---- Not that they were tricked about it. Their complaint was that they didn't know that until they signed it, but they went ahead and signed it anyway. They were pressured into signing it. Now, this ---- they were pressured into signing it, and, you know, look, to be honest with you, what happened is the mobile notary came to their house, told them, you know, this is where you sign, this is where you sign, this is where you sign. It's all done in a few minutes, and they don't have time to review it. They knew when they signed it that it was adjustable. That's not disputed. No, it is disputed. They knew that World Savings was talking out of both sides of their mouth. On the one hand, they had a written representation this was a fixed rate loan. On the other hand, they had the paperwork that says it was an adjustable rate loan. So what are they to believe? Isn't that a disputed issue of fact that shouldn't be resolved in a 12B6 motion? Let me ask you another question. And after that, I have one more. Go ahead. Go ahead. Well, I want to go back to my question originally. Yes. You started to answer it, but you pointed to page 297 of your First Amendment complaint. And the question was where did you cite facts that would lead anyone to believe that you were making a rescission claim? And you pointed, but didn't get to explain, page 297 of the First Amendment complaint. Where does it indicate rescission? I would say it begins at paragraphs 5 and 6 of the First Amendment complaint. It's a statement of the case, and that's on page 297 of the record. I have it before me. What language implicates rescission? Plaintiffs request judicial determination that the secured claim is disallowed because it is not enforceable under theories of contract law, court law, and constitutional law. In the alternative, plaintiffs request the court's determination that the debtor may avoid the note as an actually and constructively fraudulent obligation and to disallow the claim in full because a deed of trust is incident to the note. Now, I share with you your view that the word rescission is not used there. But we are talking about in the federal system notice pleading and what the facts allege and what theories can fit those facts. I don't, you know, we can be given leave to amend to use the word rescission. But avoiding isn't the same as rescission. It's the same effect. It says the contract cannot be enforced. It's the same effect.  I thank Judge Nelson for allowing you to get to that part of your complaint. If I don't think that is a pleading of rescission, then what? And we should be allowed to amend to make that claim explicit. If I don't think you've stated a claim for rescission, then what? Not rethink through, try to come up with another phrase, try to come up with something else. You've read your appropriate, the best clauses you got, my good friend, and she has considered it. What if we say, no, there's no claim of rescission stated, then what? It's a question, well, first, if you look at the prayer for relief, it talks about. No, no. What if we don't think you've stated a claim for rescission? Then we should be allowed to amend to state it. Do you, let me ask you, do you think rescission is a claim that I can allow you on appeal if you don't state it? I think if the facts are there that fit a claim for rescission, yes. Well, but you didn't ask the question. I can allow certain claims on appeal even when not stated, but I have a three-point test as to whether I can do it. Do you meet any of those? Yes. Which one? You know, the basic facts are there. Basic facts are there I've got to send back because I can't determine facts here. Basic factual allegations are there. The only way I can let you in is if this is a pure question of law that I can determine here. Is there a pure question of law that there's no question a claim for rescission should be granted? Yes, there is. Then a pure question based on this. There's no facts that I would have to determine. The facts are so admitted by the other side that I would accept them as true. Now, the allegations are there. We're dealing with it. We're dealing with a complaint and not, you know, an appeal after a summary judgment or a trial. The allegations are there, and the allegations as a matter of law, you know, could state a claim for rescission because they allege fraud in the inducement. That fraud led to the formation of the contract, and the contract, therefore, can be rescinded. Let me change. Where in the First Amendment complaint do you allege a claim for violation of the UCL? Nowhere. Then it's out. No, it's not. It shouldn't be out. I mean, again, it's a claim that's there. We allege fraudulent conduct, which is deceptive. Well, I ask you, where in the complaint do you allege a claim for violation of the UCL? We do not. Give me the paragraph. We do not. Well, then, if it's not there, then it's gone, isn't it? No. The complaint can be amended to state such a claim. It's the same issue as we come up on rescission. All the factual elements are there. It's a question of what legal label we attach to it. We can attach to a legal label. All right. That's your best answer. I accept. All right. We've taken you over, but I'll allow you one minute for rebuttal. Thank you. Good morning. Good morning, Your Honors. May it please the Court, Robert Little appearing on behalf of the creditor, the defendant, Wells Fargo. Before we get to the hard questions, I can ask you an easy question. I've had a debate in my chambers. How do we pronounce H-O-L-A? A? H-O-L-A. Oh, HOLA. HOLA? Okay. Yes, Your Honor. All right. We've gone OLA. We've gone HOLA. We've gone HOLA. I'm happy to report that I'm the winner. Your Honors. All right. So the FAC does not mention rescission, and I find no mention of a rescission theory or limitations period in any of your briefing or the argument transcripts before the Bankruptcy Court. What's your position on what the Court should do? Your Honors, there is no rescission claim because a rescission claim would be inconsistent with the allegations that were, in fact, alleged. Okay. If we buy that, what do we do? Oh, Your Honor, you affirm. The panel affirms. If there is no rescission claim, then, of course, the panel affirms. Oh, but he's saying, but just give me a chance. What's your answer to that? Give me a chance. As Your Honor correctly pointed out, this was before the Bankruptcy Court, and it also was before the Bankruptcy Appellate Panel. But we've got to drill down one step further. This case started in the Los Angeles Superior Court. That's where the Menjivars first filed in 2010. Then they amended. The case was removed to federal court. The Menjivars then dismissed. Then they filed a new complaint in Superior Court. That complaint was dismissed. The morning of the dismissal, plaintiff's counsel came in to the Los Angeles Superior Court in Pasadena and said, Your Honor, this case has been removed to the Bankruptcy Court. So then that complaint lay fallow in the Bankruptcy Court for about a year. Then the first amended complaint was filed. After the motion to dismiss, the first amended complaint was granted by the Bankruptcy Court. Then we went up to the BAP. The Bankruptcy Appellate Panel then reviewed the complaint. Now, for the first time in the Ninth Circuit, the panel's being called upon to find a new claim that was never alleged and, indeed, more fatally, is at material variance with the allegations that were actually alleged, namely the nonexistence of a contract. There is no contract to be rescinded, according to the plaintiffs, because they repeatedly said in 1, 2, 3, 4, four allegations that no contract was formed. When I hear opposing counsel raising a justice concern in that it's alleged that World Savings Bank actually engaged in fraud, therefore, I hear him arguing, we as a court should allow this case to continue. What is your response to that? There's two responses, Your Honor. The first response is that it was something that Judge Callahan had pointed out was the fraud that's being alleged is based on the idea that the mengevars were promised a fixed-rate note and instead got an adjustable-rate note. But as Judge Callahan pointed out, the note itself, on the face of it, says adjustable-rate mortgage note. That's the first response. The second response would be that, of course, the fraud that's being alleged happened at the origination of the loan, which was in July of 2007. The statute of limitations for fraud under California Code of Civil Procedures, Section 338, Subdivision D, is three years. The first complaint was not brought until November of 2010, after the statute of limitations had expired. I mean, this is a case, Senior Judge Nelson, where essentially the panel's being asked that the mengevars be permitted to continue this lawsuit until they run out of counsel, whose imagination or knowledge can state a theory based on these same allegations. But the legal theories that are being submitted are materially contradicted by the allegations as they're stated. Well, rescission's a four-year statute of limitations, right? Yes, Your Honor. So if rescission, you know, hypothetically, if we were to find that it existed in the First Amendment complaint and if we were to allow to address it, then they get in under the statute of limitations. But if it's under fraud, they're out under the statute of limitations, right? That's correct, Your Honor. But now maybe you might want to – I note in your briefing you said you would be prejudiced if Wells Fargo were compelled to now defend against rescission claims never before alleged in the legal proceedings, which now stretch back five years. I don't think you detailed that, so what's the prejudice? In that instance, I believe that the prejudice, of course, is simply the finality. It would be, if we're talking about fraud, witnesses, of course, pass away, move away, are lost. None of them are identified here, so we don't know if there are any persons at Wells Fargo that made these statements. But, two, I believe that Wells Fargo is entitled to a finality of judgment. As I indicated, otherwise these legal proceedings will just continue until we run out of legal theories to bootstrap on to these allegations. And Your Honor makes a good point in the sense that that is exactly why they are asking this court to find a rescission claim on these allegations now. They asked the BAP to apply the written contract statute of limitations, and it's, as they put in their brief, the pivotal issue here is whether or not a three-year or a four-year statute of limitations should apply to their claims, because they know that their claims are time-barred unless they can somehow convince this court to find a four-year statute of limitations-based claim, in other words, a contract claim. Well, if we, and this is hypothetical at this point because we don't conference before we come here. If we did resolve this against the appellants on that particular issue, is there any need to address the HOLA issue? There is no need to address the HOLA issue then, Your Honor. So we only get to the HOLA issue if we find that he's allowed to address it for the first time before this court on rescission. Yes, Your Honor. The HOLA issue is really an alternative basis for dismissing the claim aside from the statute of limitations and all the claims being time-barred. That's correct. It's my understanding that this claim arose in the bankruptcy as an adversary proceeding, that the bankruptcy court then dismissed the adversary proceeding based on, had nothing to do with rescission, based on claims not having to do with rescission, and then the BAP affirmed. Yes, Your Honor. If we were to grant this, grant what you suggest here and were to affirm, could the defendant in the bankruptcy, could the person who is in the bankruptcy, could he go out and plead rescission for himself in another suit? Your Honor, I believe that this judgment itself would be a claim preclusive bar because as to claims that were raised or should have been raised in the prior proceedings, and specifically, remember, the bankruptcy complaint did come up through the vehicle of a removal. I understand how it got there. I'm just having you think through this, and I'm having them think through this because really what you're suggesting is their failure to raise rescission until now in effect eliminates the rescission claim, would you say? Their failure to allege facts which constitute a rescission claim. But you're saying that's why you win here, but that's why they have no other options because your argument is that it either could have been or should have been raised in this proceeding, so you would argue preclusion, claim preclusion. Absolutely, Your Honor. Yes, Your Honor. Would the statute of limitations have already run on the rescission claim if it were raised in another complaint, if it were allowed to be raised? I believe that it would, Your Honor. That would be a claim that would be based on materially different allegations, and therefore I would have to analyze it, but I do not believe that the relation back doctrine would apply in that instance, Your Honor. Thank you. All right, unless the panel has any additional questions, we've taken you over. Thank you for your argument. Thank you very much, Your Honors. I'm giving you one minute. I appreciate that, Your Honor. I'll make a very simple point. What happens if you affirm, well, it means we have nothing? Mr. Little talked about claims, not only claims that were stated would be precluded, but claims that potentially could have been stated would be precluded. It strikes me as a basic issue of fairness that if we're going to be barred by collateral estoppel or res judicata from raising claims that could have been presented, we avoid that problem by allowing us to raise those claims now. And again, I come back to the point, you know, this is fact-based pleading. The factual allegations are important. Those factual allegations determine the legal theories that can be, the legal labels that can be attached to them. All the elements of a rescission claim are there. They have been on notice since this claim, this complaint was first filed a number of years ago. Those elements are there. They will suffer no prejudice. We will suffer severe prejudice if we're not allowed to proceed with this because we will have no other way of raising it. So you basically agree with his analysis that some other lawsuit the statute would have run and there's serious allegations of claim preclusion. It will be a serious issue. I'm not going to concede the issue, Your Honor, but it's going to be a serious problem if that happens for us. Okay. Thank you. This matter will stand submitted.
judges: D.W. Nelson, Callahan, N.R. Smith